USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Robert Panton,

                Plaintiff,

-against-

Urban Home Ownership Corporation, et al.,

                Defendants.

1:25-cv-00402 (DEH) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

*Pro se* Plaintiff Robert Panton ("Plaintiff") has moved for appointment of counsel by applications filed on May 2 and 6, 2025. (ECF Nos. 27 and 28.) For the reasons stated below, Plaintiff's applications are DENIED without prejudice.

The Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The Court must be mindful that volunteer attorney time is a precious commodity, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, for the Court to order the appointment of counsel, a plaintiff must first make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper*, 877 F.2d at 174; *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)); *accord Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012). Only then can the Court consider the other factors going to whether counsel should be appointed; namely, "'the [petitioner's] ability to investigate the crucial facts, . . . the [petitioner's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.'" *Johnston*, 606 F.3d at 42 (quoting *Hodge*, 802 F.2d at 61-62); *accord Dolan*

*v. Connolly*, 794 F.3d 290 (2d Cir. 2015).

At this point in the proceedings, the Court denies Plaintiff's applications for appointment of counsel without prejudice because the Court cannot determine based on the current record before the Court that Plaintiff's claims are substantial or that he is likely to succeed on the merits. Plaintiff should work with the Pro Se Intake Unit of the Court for any additional help that he needs and should also continue to seek to obtain private counsel. The Pro Se Intake Unit may be contacted in person or by mail at United States District Court, S.D.N.Y., 500 Pearl Street, Room 205, New York, New York 10007, by phone (212) 805-0175 or email at ProSe@nysd.uscourts.gov.

The Clerk of the Court is directed to close ECF Nos. 27 and 28, and mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

DATED:   New York, New York
         May 12, 2025

_____
STEWART D. AARON
United States Magistrate Judge

2